IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHELBY LENKEY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **CIVIL ACTION NO.** 2:22-cv-1424 |
| **ROSTRAVER/WEST NEWTON EMERGENCY SERVICES and SEWICKLY TOWNSHIP COMMUNITY AMBULANCE SERVICE,** | ) ) ) ) ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

Plaintiff, Shelby Lenkey, seeks lost wages and benefits, compensatory and punitive damages, costs, and attorney's fees because Defendants, Rostraver/West Newton Emergency Services and Sewickley Township Community Ambulance Services, have subjected her to the following adverse employment actions because of her sex and in retaliation for her protected activity: hostile work environment, termination, failure to promote, unequal pay, denied shifts, and decreased hours. In doing so, Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

### II. JURISDICTION

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

1

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3. On December 15, 2021, Plaintiff filed a Charge of Discrimination with the EEOC, alleging sex discrimination as the reason for the adverse employment actions. Plaintiff filed an Amended Charge on February 16, 2022. On July 15, 2022, the EEOC issued a Notice of Right to Sue.[1]

### III. PARTIES

4. Plaintiff, Shelby Lenkey ("Lenkey"), is an adult individual who resides at 117 Patterson Road, New Salem, PA 15468. At the time of the incidents complained of in this lawsuit and presently, she was and is a citizen of the Commonwealth of Pennsylvania and the United States of America.

5. Defendant, Rostraver/West Newton Emergency Services ("Rostraver"), a non-profit pre-hospital and emergency services provider, is located at 100 Pleasant Valley Boulevard, Belle Vernon, PA 15012.

6. Defendant, Sewickley Township Community Ambulance Services ("Sewickley"), a non-profit pre-hospital and emergency services provider, is located at 2 Medic Street, Herminie, PA 15637.

### IV. STATEMENT OF CLAIM

7. In June 2018, Ms. Lenkey began working for Rostraver as an Emergency Medical Technician (EMT) and became an Advanced EMT in November 2020.

---

[1] Once the administrative requirements have been exhausted, Plaintiff intends to amend this Complaint to include additional counts under the PHRA and will add Michael Stangroom, in his individual capacity, as an additional Defendant for aiding and abetting liability under the PHRA.

8. In June 2019, Wendi Crusan, former Dispatch Supervisor for Rostraver, accused Ms. Lenkey of having a sexual relationship with Daniel Wade, Paramedic Supervisor for Rostraver.

9. Until Ms. Crusan's departure from Rostraver, she continued to spread rumors about Ms. Lenkey's alleged sexual relationship with Mr. Wade.

10. Ms. Crusan also frequently made derogatory comments about Ms. Lenkey relating to that alleged sexual relationship, including, but not limited to, the following: referring to Ms. Lenkey as a "slut" and "ho"; telling Ms. Lenkey that there is "no room for sluts" at the station; informing Ms. Lenkey's coworkers that she wanted to get rid of Ms. Lenkey so that Ms. Lenkey could not make further sexual advances to Mr. Wade; and telling Ms. Lenkey that she had purposefully scheduled Ms. Lenkey to work in a station away from Mr. Wade to "prevent [Ms. Lenkey] from sitting on Wade's dick at night."

11. During Ms. Lenkey's attempts to discuss work assignments with Ms. Crusan, Ms. Crusan frequently responded that Ms. Lenkey could not "sleep [her] way out of it," when referring to a specific assignment.

12. Following the start of Ms. Crusan's harassment in June 2019, Ms. Lenkey made a complaint to Michael Stangroom, Rostraver's Director of Services.

13. In response to Ms. Lenkey's harassment complaint, Mr. Stangroom assured Ms. Lenkey that everything was fine and took no further action.

14. Despite Mr. Stangroom's lack of help, Ms. Lenkey continued making complaints to him regarding the discriminatory actions taken against her.

15. Ms. Crusan's rumormongering caused many of Ms. Lenkey's coworkers to follow Ms. Crusan's lead, including Russ Morgan, George Orbin, William Dull, Joshua Hodgekiss, Joshua Critchfield, Ally Bogden, Charles Biskey, and Casey Nolan.

16. Rostraver's staff have refrained from subjecting Mr. Wade to similar harassment, despite his alleged sexual relationship with Ms. Lenkey.

17. On February 10, 2020, Russ Morgan, Paramedic Supervisor for Rostraver, commented that Lenkey "probably leaves her coochie hairs in Wade's bedsheets."

18. In February 2020, Ms. Lenkey informed Mr. Stangroom of Mr. Morgan's comment about her pubic hair, to which Mr. Stangroom responded that he did not believe Mr. Morgan would make such a remark.

19. In addition to Mr. Stangroom, Ms. Lenkey also complained about the harassment to Greg Cominsky, another supervisor for Rostraver, who was similarly unsupportive.

20. Following a complaint to Mr. Cominsky about Mr. Morgan's comment regarding her pubic hair, Mr. Cominsky asked her if there was truth to Mr. Morgan's claim.

21. In April 2020, Ms. Crusan said that she moved Ms. Lenkey to a different station in order to prevent Ms. Lenkey from allegedly having sexual activity with Mr. Wade.

22. When Ms. Lenkey reported that remark to Mr. Stangroom, he responded, "What do you expect when all you do is follow Dan [Wade] around?"

23. Mr. Stangroom then admonished Ms. Lenkey that her friendship with Mr. Wade had to stop and instructed her not to make friends at work.

24. Beginning in August 2021, Ms. Bogden, Mr. Biskey, and Ms. Nolan began spreading a rumor that Ms. Lenkey had a habit of breaking into Sewickley's station on Monday nights to have sex with Mr. Wade.

25. In addition to the harassment, Rostraver has repeatedly retaliated and discriminated against Ms. Lenkey by decreasing her hours, denying her shifts, firing her on multiple occasions, and denying her promotions.

26. These actions frequently occurred in close temporal proximity to Ms. Lenkey's complaints of discrimination or were justified by discriminatory remarks.

27. For example, shortly after Ms. Lenkey's first complaint to Mr. Stangroom in 2019, Rostraver began cutting her hours.

28. Also, Ms. Crusan, after making another comment about Ms. Lenkey's alleged sexual relationship with Mr. Wade, removed Ms. Lenkey from all schedules beginning in February 2021.

29. Ms. Crusan told Ms. Lenkey that she took that action because Mr. Stangroom had directed her to "wean" Ms. Lenkey off the schedule.

30. Ms. Lenkey did not receive another shift with Rostraver until April 2021.

31. Ms. Lenkey made frequent requests to Mr. Stangroom for full-time work when positions became available.

32. Despite her requests and her qualifications, the following are some of the individuals who were chosen over Ms. Lenkey for full-time positions: Jeremy Keenan, Ms. Nolan (March 2021), Kevin Klamorick (March 2021), Ms. Bogden (April 2021), Susan Clark (early summer 2021), and Josh Payne (June 2021).

33. Rostraver has also discriminated against Ms. Lenkey in terms of her wages.

34. Susan Clark, an Advanced EMT with Rostraver, earns $3.00 more per hour than Ms. Lenkey, despite having the same certification level.

35. Upon information and belief, Ms. Clark has not filed complaints of discrimination in the workplace.

36. In an attempt to make up for Rostraver's decreasing of her shifts, Ms. Lenkey briefly worked at Irwin Ambulance.

37. During a shift with Irwin Ambulance, Scott Marvin, an employee with Irwin Ambulance, informed Ms. Lenkey that Mr. Stangroom referred to her as "promiscuous" during a recent conversation.

38. Deeply embarrassed, Ms. Lenkey left her position with Irwin Ambulance.

39. Ms. Lenkey made a complaint about Mr. Stangroom's "promiscuous" comment to James Leone, a member of Rostraver's Board of Directors.

40. On November 2, 2021, Ms. Lenkey met with Mr. Leone and Mr. Stangroom, to discuss this complaint.

41. During this meeting, Mr. Leone asked Mr. Stangroom why he told Mr. Marvin that Ms. Lenkey was promiscuous.

42. Mr. Stangroom replied that he could say whatever he wanted in his free time.

43. Because Rostraver owns Sewickley, it is common practice for Rostraver's employees to receive weekly shifts at Sewickley.

44. Despite this practice, Ms. Lenkey has been repeatedly denied shifts at Sewickley, demonstrating further retaliation against her.

45. The discrimination against Ms. Lenkey continues to this day.

## V. CLAIMS FOR RELIEF

### COUNTS I-VI – VIOLATIONS OF TITLE VII – SEX DISCRIMINATION

46. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

47. Defendants have intentionally and willfully engaged in a series of unlawful acts in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

48. Defendants have carried out the following adverse employment actions, which were induced by their intent to discriminate against Plaintiff on the basis of her sex: hostile work environment, termination, failure to promote, unequal pay, denied shifts, and decreased hours.

49. Plaintiff has been directly harmed as a result of Defendants' violations as is fully set forth above.

## **COUNTS VII-XII – VIOLATIONS OF TITLE VII – RETALIATION**

50. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

51. Defendants have intentionally and willfully engaged in a series of unlawful acts in retaliating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

52. Defendants have carried out the following adverse employment actions, which were induced by their intent to retaliate against Plaintiff: hostile work environment, termination, failure to promote, unequal pay, denied shifts, and decreased hours.

53. Plaintiff has been directly harmed as a result of Defendants' violations as is fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a)  Assume jurisdiction herein;

(b)  Declare Defendants' conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c)  Award Plaintiff wage loss damages, including back pay, front pay, and lost future earnings, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d)  Award Plaintiff compensatory and punitive damages;

(e)  Award Plaintiff pre- and post-judgment interest;

(f)  Award Plaintiff costs and attorneys' fees; and

(g)  Grant such other relief as the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

/s/ *Nicholas W. Kennedy*

Nicholas W. Kennedy
PA ID No. 317386

Quatrini Law Group
550 E. Pittsburgh St.
Greensburg, PA 15601